**Docket No. 23-55079**

*In the*

# United States Court of Appeals

*For the*

# Ninth Circuit

---

BRYCE DIXON,

*Plaintiff-Appellant,*

v.

UNIVERSITY OF SOUTHERN CALIFORNIA, a California corporation,

*Defendant-Appellee,*

DOES, 1 to 50 inclusive,

*Defendants.*

_____

Appeal from a Decision of the United States District Court for the Central District of California,
No. 2:21-cv-05286-VAP-AFM · Honorable Virginia A. Phillips

## APPELLANT'S REPLY BRIEF

MARK M. HATHAWAY, ESQ.
JENNA E. PARKER, ESQ.
HATHAWAY PARKER INC.
445 South Figueroa Street, 31st Floor
Los Angeles, California 90071
(213) 529-9000 Telephone
mark@hathawayparker.com
jenna@hathawayparker.com

*Attorneys for Appellant,
Bryce Dixon*


COUNSEL PRESS · (213) 680-2300

PRINTED ON RECYCLED PAPER 

# **TABLE OF CONTENTS**

INTRODUCTION ............................................................................................5

STATEMENT OF THE CASE........................................................................5

    A.    TIMELINE ................................................................................5

    B.    STATUTES OF LIMITATION ..............................................8

ARGUMENT ...................................................................................................8

    A.    DOCTRINE OF EXHAUSTION MEANS TO EXHAUST, NOT TO COMMENCE....................................................................8

        1.    Doctrine of Exhaustion of Administrative Remedies.................8

        2.    Doctrine of Exhaustion of Judicial Remedies ..........................10

    B.    STAY VS. TOLLING .............................................................13

    C.    CAL. CODE CIV. PROC., § 352.1.........................................13

    D.    ALTERNATIVELY, EQUITABLE TOLLING APPLIES................15

CONCLUSION..............................................................................................16

CERTIFICATE OF SERVICE ......................................................................18

# **TABLE OF AUTHORITIES**

**CASES**

*Abelleira v. District Court of Appeal*,
 (1941) 17 Cal. 2d 280 ...................................................................................10

*Aleknagik Natives, Ltd. v. Andrus*,
 648 F.2d 496 (9th Cir. 1980) ..........................................................................8

*Baccei v. United States*,
 632 F.3d 1140 (2011)..............................................................................13, 14

*Briggs v. City of Rolling Hills Estates*,
 40 Cal. App. 4th 637 (1995) ..............................................................9, 10, 11

*Daviton v. Columbia/HCA Healthcare Corp.*,
 241 F.3d 1131 (2001)....................................................................................15

*Doe v. Allee*,
 30 Cal. App. 5th 1036 (2019) .........................................................................6

*Doe v. Regents of the Univ. of Cal.*
 891 F.3d 1147 (9th Cir. 2018) ...................................................................9, 11

*El Paso v. America West Airlines, Inc. (In re America West Airlines, Inc.)*,
 217 F.3d 1161 (2000)....................................................................................15

*Elkins v. Derby*,
 12 Cal. 3d 410 (1974) ...................................................................................15

*Gupta v. Stanford Univ.*,
 124 Cal. App. 4th 407 (2004) ...................................................................8, 10

*In re Am. W. Airlines, Inc.*,
 217 F.3d 1161 (9th Cir. 2000) ......................................................................13

*Johnson v. City of Loma Linda*,
 24 Cal. 4th 61 (2000) ................................................................................8, 11

*Kimes v. Stone*,
 84 F.3d 1121 (9th Cir. 1996) ..................................................................13, 14

*Knickerbocker v. City of Stockton*,
   (1988) 199 Cal. App. 3d 235 ............................................................................10

*McDonald v. Antelope Valley Cmty. Coll. Dist.*,
   45 Cal. 4th 88 (2008) ......................................................................................15

*Osborn v. Hopkins*,
   160 Cal. 501 (1911) ........................................................................................15

*Plantier v. Ramona Municipal Water Dist.*,
   (2019) 7 Cal.5th 372 .........................................................................................9

*Pomona Coll. v. Superior Court*,
   45 Cal. App. 4th 1716 (1996) .......................................................................8, 10

*Save Agoura Cornell Knoll v. City of Agoura Hills*,
   46 Cal.App.5th 665 (2020) ................................................................................9

*Westlake Cmty. Hosp. v. Superior Court*,
   17 Cal. 3d 465 (1976) ................................................................................10, 11

*Williams & Fickett v. County of Fresno*,
   (2017) 2 Cal.5th 1258 .......................................................................................9

**STATE STATUTES**

Cal. Code Civ. Proc.
   § 352.1................................................................................................13, 14
   § 1084...........................................................................................................5
   § 1094.5...................................................................................................9, 11

# REPLY TO APPELLEE'S ANSWERING BRIEF

# INTRODUCTION

Defendant and Appellee University of Southern California ("USC") concedes that Mr. Dixon was precluded from bringing his complaint for damages until he satisfied the doctrine of exhaustion of judicial remedies through a petition for writ of administrative mandamus.[1] USC contends, however, that the doctrine of exhaustion of judicial remedies is satisfied upon commencement of the judicial remedy, -- "[Mr. Dixon] exhausted his judicial remedie[s] by simply *filing* his mandamus action in 2015"[2] – not when the judicial remedy was exhausted or concluded. The Court should not adopt USC's understanding of the doctrine of exhaustion of judicial remedies.

# STATEMENT OF THE CASE

There appears to be no dispute regarding the general facts, timeline of events, and statutes of limitation:

A. **TIMELINE**

On October 24, 2014, around midnight Jane Roe came over to Mr. Dixon's apartment and their interaction led to the USC Title IX investigation and ultimately this appeal. 5-ER-1180.

---

[1] "The writ of mandamus may be denominated a writ of mandate." Cal. Code Civ. Proc., § 1084; see 4-ER-894.
[2] Appellee's Answering Brief ("AB") p. 18, *emphasis* in original.

On March 2, 2015, USC's Title IX investigation found Mr. Dixon responsible for sexual misconduct violations and expelled him. 4-ER-810 to 833.

On May 12, 2015, USC denied Mr. Dixon's final administrative appeal.[3] 5-ER-1188; 3-ER-364.

On August 12, 2015, Mr. Dixon filed his petition for writ of administrative mandamus in state court for judicial review of USC's Title IX administrative disciplinary decision. 4-ER-894 to 917.

On January 19, 2016, Mr. Dixon was arrested, resulting in his imprisonment for over six years, which he has now served. 5-ER-1194.

On April 25, 2017, the state trial court issued an order denying Mr. Dixon's writ petition. 4-ER-919.

On June 21, 2017, Mr. Dixon filed his Notice of Appeal to the California Court of Appeal. 1-ER-78; 5-ER-940.

On January 4, 2019, the Court of Appeal issued its opinion in *Doe v. Allee*, 30 Cal. App. 5th 1036 (2019), reversing the state trial court. 1-ER-7.

On October 2, 2019, the state trial court entered judgment in favor of Mr. Dixon on his petition for administrative mandamus and ordering USC to set aside

---

[3] The USC Student Behavior Appeals Board met on May 2, 2015, and denied Mr. Dixon's appeal, but the expulsion order was not final until May 12, 2015, when Vice Provost Ainsely Carry approved the sanction of expulsion imposed by the Title IX investigator Kegan Allee and agreed to by the Student Behavior Appeals Panel. 1-ER-15. 3-ER-364.

its improper administrative decision against Mr. Dixon. 5-ER-975 to 976.

On June 29, 2021, Mr. Dixon filed this action for damages and injunctive relief. 6-ER-1236.

On October 20, 2021, the District Court granted in part USC's Motion to Dismiss (Doc. No.14). 5-ER-1220

On June 7, 2022, Mr. Dixon was released from prison. 3-ER-576.

On November 1, 2022, Mr. Dixon was deposed. 4-ER-852.

On January 18, 2023, the District Court granted USC's Motion for Summary Judgment. 1-ER-3.



**B. STATUTES OF LIMITATION**

- Title IX cause of action -- two years. AB 14.

- Unruh Civil Rights Act cause of action -- two years. AB 15.

- Negligence cause of action -- two years. AB 15.

- Breach of Contract cause of action -- four years. AB 15-16

## ARGUMENT

**A. DOCTRINE OF EXHAUSTION MEANS TO EXHAUST, NOT TO COMMENCE.**

### 1. Doctrine of Exhaustion of Administrative Remedies

The doctrine of exhaustion of administrative remedies poses "a jurisdictional prerequisite to resort to the courts." *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 69-70 (2000); see AB 19-20. The purpose of the doctrine is to ensure that public agencies (including private universities)[4] are given the opportunity to decide matters within their expertise, respond to objections, and correct any errors before the courts intervene. See, *Aleknagik Natives, Ltd. v. Andrus*, 648 F.2d 496, 499 (9th Cir. 1980).

In this context, the doctrine of exhaustion of administrative remedies clearly means that the litigant must first complete, or exhaust to the end, all available

---

[4] *Pomona Coll. v. Superior Court*, 45 Cal. App. 4th 1716 (1996); *Gupta v. Stanford Univ.*, 124 Cal. App. 4th 407 (2004)

administrative appeals to a final administrative decision before filing a petition for writ of administrative mandamus:

> "The rule requiring exhaustion of administrative remedies is well settled. 'In general, a party must exhaust administrative remedies before resorting to the courts. [Citations.] Under this rule, an administrative remedy is exhausted only upon "termination of all available, nonduplicative administrative review procedures." [Citations.]'" (*Williams & Fickett v. County of Fresno* (2017) 2 Cal.5th 1258, 1267–1268.) "'The rule "is not a matter of judicial discretion, but is a fundamental rule of procedure … binding upon all courts."' [Citation.]" (*Plantier v. Ramona Municipal Water Dist.* (2019) 7 Cal.5th 372, 383.)
>
> *Save Agoura Cornell Knoll v. City of Agoura Hills,* 46 Cal.App.5th 665, 676 (2020)

Mr. Dixon exhausted his administrative remedies on May 12, 2015, when USC denied Mr. Dixon's final administrative appeal. 5-ER-1188; 3-ER-364. Even USC agrees that at that moment Mr. Dixon was precluded from filing a civil case for damages, including a Title IX cause of action, until he sought judicial review of USC's final administrative decision by filing a petition for writ of administrative mandamus under Cal. Code Civ. Proc., § 1094.5. *Doe v. Regents of the Univ. of Cal.* 891 F.3d 1147, 1154 (9th Cir. 2018).

After exhausting his administrative remedies, Mr. Dixon's exclusive judicial remedy for reviewing administrative action was to pursue the petition for writ of administrative mandamus under Cal. Code Civ. Proc., § 1094.5. *Briggs v. City of*

*Rolling Hills Estates,* 40 Cal. App. 4th 637, 645-46 (1995); *Pomona Coll. v. Superior Court*, 45 Cal. App. 4th 1716 (1996); *Gupta v. Stanford Univ.*, 124 Cal. App. 4th 407 (2004).

## 2. Doctrine of Exhaustion of Judicial Remedies

Under California law, the doctrine of judicial exhaustion "precludes an action that challenges the result of a quasi-judicial proceeding unless the plaintiff first challenges the decision through a petition for writ of mandamus." *Gupta v. Stanford Univ.*, 124 Cal. App. 4th 407, 411 (2004).

The doctrine of exhaustion of judicial remedies in California requires that a party to a quasi-judicial proceeding challenge the agency's adverse findings through a petition for writ of administrative mandamus in order for those administrative findings not to be binding in later civil actions:

> In *Westlake Community Hosp. v. Superior Court, supra*, 17 Cal. 3d 465 (*Westlake*), this court held that unless a party to a quasi-judicial proceeding challenges the agency's adverse findings made in that proceeding, by means of a mandate action in superior court, those findings are binding in later civil actions.[fn 2 omitted] This requirement of exhaustion of judicial remedies is to be distinguished from the requirement of exhaustion of administrative remedies. (*Knickerbocker v. City of Stockton* (1988) 199 Cal. App. 3d 235, 241.) Exhaustion of *administrative* remedies is "a jurisdictional prerequisite to resort to the courts." (*Abelleira v. District Court of Appeal* (1941) 17 Cal. 2d 280, 293.) Exhaustion of *judicial* remedies, on the other hand, is necessary to avoid giving binding "effect to the administrative agency's decision,

> because that decision has achieved finality due to the aggrieved party's failure to pursue the exclusive *judicial* remedy for reviewing administrative action." (*Briggs v. City of Rolling Hills Estates* (1995) 40 Cal. App. 4th 637, 646, original italics.)
>
> *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 69-70 (2000)

As the California Supreme Court held in *Westlake Cmty. Hosp. v. Superior Court*, 17 Cal. 3d 465 (1976), and as the Ninth Circuit confirmed in *Doe v. Regents of University of California*, 891 F.3d 1147, 1154 (9th Cir. 2018), "[S]o long as a [private] quasi-judicial decision is not set aside through appropriate review procedures the decision has the effect of establishing the propriety of the [private entity's] actions." *Westlake, supra*, 17 Cal. 3d at p. 485.

Obviously, a quasi-judicial administrative decision is not set aside simply by the filing of a petition for writ of administrative mandamus, but only "through appropriate review procedures" that set aside the administrative decision by granting the writ of administrative mandamus, as occurred in this case on October 2, 2019. 5-ER-975 to 976. The filing of the petition for judicial review under Cal. Code Civ. Proc., § 1094.5 starts the exclusive judicial remedy process, but does not exhaust the exclusive judicial remedy process.

The doctrine of *exhaustion* of judicial remedies would not be much of a legal doctrine if the judicial remedies need not be *exhausted*. Put another way, before the judicial remedies are exhausted and concluded in the petitioner's favor, the

11

adverse findings of the administrative decision continue to have binding effect in the later civil action. If judicial remedies were exhausted upon the *commencement* of the judicial review process, the doctrine might instead be called the "Commencement of Judicial Remedies" doctrine.

USC concedes that Mr. Dixon was precluded from bringing his complaint for damages until he satisfied the doctrine of exhaustion of judicial remedies through a petition for writ of administrative mandamus. USC contends, however, that the doctrine of exhaustion of judicial remedies is satisfied upon commencement of the judicial remedy, -- "[Mr. Dixon] exhausted his judicial remedie[s] by simply *filing* his mandamus action in 2015" (AB 18) – not when the judicial remedy was exhausted or concluded. USC's reading of the doctrine of exhaustion of judicial remedies would mean that adverse findings in any administrative agency decision would lose their binding effect simply by the ministerial act of filing the writ petition. If that were the case, a party to an administrative action would proceed with a civil action immediately upon filing a writ petition and the civil litigation would ignore the adverse findings in the administrative action. Clearly, whether the adverse findings in the administrative action have any binding effect in the later civil action depends on the outcome of the petition for writ of administrative mandamus when that exclusive judicial

12

remedy is exhausted and concluded. USC's contention puts the cart before the horse.

### B. STAY VS. TOLLING

USC's argument that nothing prevented Mr. Dixon from filing this litigation in 2015 and staying the action (AB 24) demonstrates that this civil litigation could not proceed before the judicial remedies were exhausted through the successful petition for writ of administrative mandamus, which occurred October 2, 2019.[5]

The passage of time would be the same under either a stay or equitable tolling, so a stay *versus* tolling seems to be a distinction without a difference.

### C. CAL. CODE CIV. PROC., § 352.1

> Absent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal, although we have discretion to do so. *In re Am. W. Airlines, Inc.*, 217 F.3d 1161, 1165 (9th Cir. 2000). We may exercise this discretion (1) to prevent a miscarriage of justice; (2) when a change in law raises a new issue while an appeal is pending; and (3) when the issue is purely one of law. *Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir. 1996). However, we will not reframe an appeal to review what would be in effect a different case than the one decided by the district court. *Robb v. Bethel Sch. Dist. No. 403*, 308 F.3d 1047, 1052 n.4 (9th Cir. 2002).

> *Baccei v. United States*, 632 F.3d 1140, 1149 (2011)

---

[5] At that time Mr. Dixon had been incarcerated for over 44 months and would not be released for another 2 years, 8 months, and 5 days on June 7, 2022. This litigation was filed June 29, 2021, about a year before Mr. Dixon was released.

13

In *Baccei*, the Court found that a highly fact-specific inquiry regarding whether a late payment penalty should be abated on grounds of reasonable cause because the appellant was unable to liquidate his estate's real property assets before a payment deadline lapsed was not properly raised in the District Court; therefore, the Ninth District declined to consider the argument for the first time on appeal.

Conversely, in *Kimes*, the Court exercised discretion to consider the purely legal issue of whether the Supremacy Clause prohibited the application of California's litigation privilege to bar a federal civil rights claim, even though the argument was raised for the first time on appeal. *Kimes v. Stone,* 84 F.3d 1121, 1126 (1996). The Court found that the argument was "purely a question of law and consideration of the issue would not prejudice the Attorney Defendants' ability to present relevant facts that could affect our decision[.]" *Id.*

Likewise, in *El Paso v. America West Airlines, Inc. (In re America West Airlines, Inc.)*, 217 F.3d 1161, 1165 (2000), the Court considered arguments regarding statutory construction raised for the first time on appeal because the issue was a purely legal issue, and the factual record had been fully developed.

Here, there is no dispute about the factual record regarding Mr. Dixon's incarceration. The issue is purely legal – whether Mr. Dixon's imprisonment tolled the statute of limitations pursuant to Cal. Code Civ. Proc., § 352.1. USC has

14

had a full opportunity to present relevant facts that could affect the Court's decision. Exceptional circumstances warrant consideration of this purely legal issue.

The cause of action accrued when judicial review was exhausted on October 2, 2019. 5-ER-975 to 976; *Osborn v. Hopkins*, 160 Cal. 501, 506 (1911) (A cause of action accrues when a suit may be maintained thereon, and the statute of limitations therefore begins to run at that time). Mr. Dixon was imprisoned at the time the cause of action accrued.

### D. ALTERNATIVELY, EQUITABLE TOLLING APPLIES

Contrary to USC's assertion, the equitable tolling doctrine is applied liberally. *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 102 (2008); *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1136 (2001); *Elkins v. Derby*, 12 Cal. 3d 410, 418 (1974). Mr. Dixon has met the three factors for equitable tolling: notice, lack of prejudice to USC, and reasonableness.

In 2015, Mr. Dixon explicitly put USC on notice that he intended to bring this action for damages against USC. 1-ER-13; 4-ER-896; 4-ER-899; 4-ER-903–4-ER-905. USC suffers no prejudice because this action is based on the same facts and types of evidence as the mandamus proceedings in state court, and USC continues to employ the Title IX investigator who handled Dixon's case and is in contact with witnesses, who are available and accessible to USC. Mr. Dixon acted

15

reasonably by bringing this action on June 29, 2021, after he had exhausted his administrative and judicial remedies, and a year before he was released from prison. Equitable tolling applies to toll the statute of limitations until Mr. Dixon exhausted his administrative and judicial remedies on October 2, 2019.

## CONCLUSION

For the reasons set forth in the above Reply, and in the Opening Brief, the district court's order and judgment dismissing Mr. Dixon's claims as time-barred should be reversed.

Date: October 2, 2023        /s/ Mark Hathaway          .
                             Mark M. Hathaway
                             Jenna E. Parker
                             Hathaway Parker Inc.
                             445 S. Figueroa St 31st Floor
                             Los Angeles, CA 90071
                             (213) 529-9000
                             mark@hathawayparker.com
                             *Attorneys for Plaintiff-Appellant*
                             *BRYCE DIXON*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

**9th Cir. Case Number(s)** 23-55079

I am the attorney or self-represented party.

**This brief contains 2,463 words,** including 80 words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[XX] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [ ] it is a joint brief submitted by separately represented parties.
    [ ] a party or parties are filing a single brief in response to multiple briefs.
    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** /s/ Mark Hathaway . **Date** October 2, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Date: October 2, 2023  /s/ Mark Hathaway .
Mark M. Hathaway
Jenna E. Parker
Hathaway Parker Inc.
445 S. Figueroa St 31st Floor
Los Angeles, CA 90071
(213) 529-9000
mark@hathawayparker.com
*Attorneys for Plaintiff-Appellant*
*BRYCE DIXON*